UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathleen Uradnik,                               Civ. No. 18-cv-1895 (PAM/LIB)

           Plaintiff,

v.                                          **MEMORANDUM AND ORDER**

Inter Faculty Association, St. Cloud
State University, and Board of
Trustees of the Minnesota State
Colleges and Universities,

           Defendants.

---

This matter is before the Court on Defendants' Motions for Judgment on the Pleadings or, alternatively, Motions for Summary Judgment. (Docket Nos. 70, 72.) For the following reasons, the Motions are granted.

**BACKGROUND**

The complete factual background is set forth in the Court's previous Order (Docket No. 40), and only the relevant facts are repeated here. Plaintiff Kathleen Uradnik is a tenured Political Science professor at St. Cloud State University ("SCSU"). She alleges that Defendants, the Board of Trustees of the Minnesota State Colleges and Universities, SCSU, and the Inter Faculty Organization ("IFO") have violated her First and Fourteenth Amendment rights. (Compl. (Docket No. 1) at ¶ 51, 61.) The IFO acts as Plaintiff's exclusive representative for purposes of negotiating, bargaining, and conferring with SCSU, her public employer.

The IFO represents Plaintiff and other faculty at public universities in Minnesota under the Public Employment Labor Relations Act ("PELRA").  Minn. Stat. ch. 179A. PELRA divides most public employees into bargaining units and allows the employees in each unit to designate an exclusive representative to bargain with their employer on their behalf.  See Minn. Stat. § 179A.06, subd. 2.  Once a bargaining unit has elected an exclusive representative, PELRA requires public employers to "meet and negotiate" with these exclusive representatives on issues surrounding the terms and conditions of employment. See Minn. Stat. §§ 179A.06, subd. 5; 179A.07, subd. 2.   PELRA also grants public employees the right to "meet and confer" with their employer on matters outside the scope of mandatory negotiations; exclusive representatives speak for the employees in these sessions as well.  See Minn. Stat. §§ 179A.07, subd. 3; 179A.08, subd. 2.  Plaintiff is not a member of the IFO.  (Compl. at ¶ 40.)  She disagrees with the IFO on many issues and positions and claims that PELRA forces her to associate with it.  (Uradnik Decl. (Docket No. 89) at ¶ 6; Pl.'s Opp'n Mem. (Docket No. 88) at 44.)

In the fall of 2018, Plaintiff sought an injunction on her compulsory-speech claim, alleging that designating the IFO as the employees' "exclusive representative" violates the First Amendment.  (Pl.'s Supp. Mem. (Docket No. 19) at 3, 5.)  The Court denied the injunction because "the Supreme Court and the Eighth Circuit ha[d] already rejected her arguments."  (Order (Docket No. 40) at 3.)  The Eighth Circuit affirmed that she did not have a chance of success on this claim, and the Supreme Court denied a writ of certiorari. (Docket Nos. 54, 61.)

Defendants now move for judgment on the pleadings or, alternatively, summary judgment.

**DISCUSSION**

Because the Court considered matters outside the pleadings, the Court will regard this as a Motion for summary judgment. Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**A. Compulsory Speech**

Plaintiff alleges that designating the IFO as the employees' "exclusive representative" compels her speech and violates the First Amendment and Fourteenth Amendment. (Compl. at ¶¶ 51-54.) But she concedes that "this is not the correct forum [] to obtain relief on this claim," and merely restates it to preserve it for appeal. (Pl.'s Opp'n Mem. at 39.) Even if her claim was not foreclosed by precedent, PELRA "survives exacting scrutiny analysis." (Order at 7.) No genuine dispute of material fact exists. Defendants are entitled to judgment as a matter of law on this claim.

3

**B.     Compulsory Association**

Plaintiff next claims that PELRA violates her First Amendment rights through the IFO's exclusive representation of Plaintiff through "meet and confer" committees. (Compl. at ¶¶ 61-64.)  To support this argument, she alleges that the "meet and confer" processes found constitutional in the Knight decision are different than those at SCSU. (Pl.'s Opp'n Mem. at 30 (citing Minnesota State Bd. for Cmty. Colls. v. Knight, 465 U.S. 271 (1984).)   Defendants contend that Knight forecloses Plaintiff's claim and that it therefore fails as a matter of law.  (SCSU's Supp. Mem. (Docket No. 82) at 8; IFO's Supp. Mem. (Docket No. 85) at 1-2.)   In Knight, a group of Minnesota community college instructors brought a similar compelled-association claim, arguing that PELRA violated their First Amendment rights.  The Supreme Court found PELRA did not impair the instructors' freedom because they could form whatever advocacy groups they liked.  Id. at 288-90; see also Bierman v. Dayton, 900 F.3d 570, 574 (8th Cir. 2018).  This Court previously found "no likelihood of success on her compelled association argument" because it was "virtually identical to the arguments Knight and Bierman rejected."  (Order at 7, 8.)

Plaintiff now argues that not participating in SCSU's "meet and confer" committees has prevented her from obtaining government opportunities and benefits.  (Pl.'s Opp'n Mem. at 17-19.)  A plaintiff may not amend a complaint in briefs or in oral argument, but must file an amended complaint.  Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989).  "To hold otherwise would mean that a party could unilaterally amend a complaint at will, . . . even without filing an amendment, and simply by raising a point in

4

a brief." Id. But her Complaint is silent about this alleged deprivation. The Court will not consider the merits of that argument.

Even so, Knight and Bierman foreclose Plaintiff's claims. No genuine dispute of material fact exists, and she cannot prevail on this issue. Defendants are entitled to judgment as a matter of law.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motions for Summary Judgment (Docket Nos. 70, 72) are **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 5, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge