UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathleen Uradnik,                                    Civ. No. 18-1895 (PAM/LIB)

        Plaintiff,

v.                                                   **MEMORANDUM AND ORDER**

Inter Faculty Association, St. Cloud
State University, and Board of
Trustees of the Minnesota State
Colleges and Universities,

        Defendants.

---

This matter is before the Court on Plaintiff's Motion to Vacate under Rule 59(e). For the following reasons, the Motion is denied.

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quotation omitted). A motion under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Courts have "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." Metro. St. Louis Sewer Dist., 440 F.3d at 933.

Plaintiff disagrees with the Court's previous Order (Docket No. 96) and asks the Court to revisit it. Post-judgment motions are "not intended to routinely give litigants a

second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993) (Doty, J.). She claims that the Court misinterprets her previous pleadings and the law, but the Court previously considered and rejected the arguments Plaintiff raises. See Sanders v. Clemco Indus., 862 F.2d 161, 170 (8th Cir. 1998). Additionally, Plaintiff's arguments can be raised in an appeal. Chapman v. U.S. Bank, N.A., 324 F. App'x 534, 535 (8th Cir. 2009). Plaintiff has not presented a compelling reason to vacate the Court's Order, and the Motion to Vacate is denied.

Plaintiff alternatively seeks leave to amend her Complaint, noting that the Federal Rules of Civil Procedure provide that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[t]here is no absolute right to amend." Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 908 (8th Cir. 1999). And,

> a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time.

Humphreys v. Roche Biomed. Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993) (quotation omitted).

The Court granted Defendants summary judgment on all Plaintiff's claims, and she presents no valid reason why the Court should allow her to change her pleadings at this late stage of the proceeding. Therefore, the Motion to Amend is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion to vacate (Docket No. 98) is **DENIED**.

Dated: December 17, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge